UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

JOSE CASTELLANOS AISPURO,

Defendant.

15-CR-00073

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**

Marcia Maria Henry
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
marcia.henry@usdoj.gov

**For Defendant:**

Paula Jaclyn Notari
315 Madison Avenue
Suite 901
New York, NY 10165
646-943-2172
paulanotari@aol.com

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Table of Contents**

I. Introduction ...................................................................................................................1
    A. Instant Offense: Conspiracy to Distribute Marijuana.................................................2
    B. Arrest .........................................................................................................................2
    C. Guilty Plea .................................................................................................................2
    D. Sentencing .................................................................................................................2
II. Offense Level, Category, and Sentencing Guidelines Range............................................3
III. Law ....................................................................................................................................4
IV. 18 U.S.C. § 3553(a) Considerations .................................................................................5
V. Consistency in Sentencing..................................................................................................6
VI. Sentence..............................................................................................................................6
VII. Conclusion..........................................................................................................................7

## I. Introduction

Defendant Jose Castellano-Aispuro was born in Mexico on April 11, 1973. He was arrested on October 6, 2014 in Phoenix, Arizona, and charged with participating in a Drug Trafficking Organization ("DTO") that transported marijuana from Tuscon, Arizona, to New York City and other locations. Mr. Castellano-Aispuro was in the United States illegally at the time of his arrest. He pled guilty to participation in a marijuana distribution conspiracy, in violation of 21 U.S.C. § 846.

A number of his codefendants were tried and convicted. In the course of the trial, this defendant's limited role in a major marijuana importation and distribution conspiracy was established. Mr. Castellano-Aispuro was sentenced to time served of approximately 13 months, five years of supervised release, and $100 special assessment. He is expected to be deported following his release from criminal custody in the present case.

### A. Instant Offense: Conspiracy to Distribute Marijuana

Mr. Castellano-Aispuro was charged with participating in a DTO that transported marijuana from Tuscon, Arizona, to the New York City area as well as to other locations. Presentence Investigation Report ("PSR") ¶¶ 3–9. Defendant conducted his part in the conspiracy in Tuscon, Arizona, following orders from Pennsylvania and New York. *See id.* at ¶ 5.

### B. Arrest

Defendant was arrested on October 6, 2014 in Phoenix, Arizona by local authorities on a federal arrest warrant. PSR ¶ 18. He has been in custody for one year. *Id.* at ¶ 50; Sentencing Hearing Transcript ("Sent. Hr'g"), Nov. 4, 2015.

### C. Guilty Plea

On April 21, 2015, Mr. Castellano-Aispuro pled guilty to participation in a marijuana distribution conspiracy. *See* 21 U.S.C. § 846. Specifically, he pled guilty to conspiring to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). PSR ¶ 1. The statute provides for a five year mandatory minimum sentence, subject to a safety valve.

### D. Sentencing

Extensive sentencing hearings were conducted on October 14, 2015 and November 4, 2015. Defendant was sentenced on November 4, 2015. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

The base offense level is 30, with a criminal history category of I. The offense level was increased by two points for the maintenance of premises for the purpose of manufacturing or distributing a controlled substance under U.S.S.G. § 2D1.1(b)(12); reduced by two points because of defendant's minor role in the criminal activity under U.S.S.G. § 3B.1.2(b); reduced by three points for defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)–(b); and reduced by two points under U.S.S.G. § 2D1.1(b)(17) because defendant satisfied the criteria set forth in U.S.S.G. § 5C1.2(a)(1)–(5). *See* Sent. Hr'g. The adjusted offense level is 25, yielding a Guidelines sentencing range of 57 to 71 months. For the reasons stated on the record, the court declined to adopt the government's position that Mr. Castellano-Aispuro was a "supervisor or manager" in the criminal activity. *See id.*

Pursuant to U.S.S.G. § 5C1.2(a), the court has the authority to depart from the otherwise applicable statutory mandatory minimum sentence if a defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5), also known as "safety valve" relief. The criteria are as follows:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other

3

information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 § 3553(f)(1)–(5); U.S.S.G. § 5C1.2(a)(1)–(5).

The court heard evidence on these factors. It determined that defendant met all of the requirements to qualify for safety valve relief under U.S.S.G. § 5C1.2(a). *See* Sent. Hr'g.

The Guidelines provide that, where a defendant who meets safety valve requirements would otherwise face a statutory minimum of at least five years, the offense level shall not be less than 17. U.S.S.G. § 5C1.2(b). Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245–46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines-that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

### III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons." *Id.*

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

4

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Castellano-Aispuro grew up in a poor household in Mexico. Until the age of three he resided with his parents. Both parents were alcoholics and would frequently separate. He subsequently resided with his paternal grandmother. Defendant attended school, but only completed the equivalent of a third grade education. At age eleven, he returned to his mother's home and at age twelve began working in order to provide her with financial assistance. PSR ¶ 46.

Mr. Castellano-Aispuro has two children from a previous relationship aged 21 and 19 years old, as well as one child from a subsequent relationship who was born in February 2014. All of the children reside in Mexico. Prior to his arrest, defendant financially supported all of his children; they continue to depend on him. *See id.* at ¶¶ 47–48.

Following his arrest, Mr. Castellano-Aispuro has been in federal custody for one year. He has demonstrated good conduct and made a useful contribution in prison working in the kitchen, studying and attending church services. *See* Sent. Hr'g.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, 14–CR–242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, 14–CR–0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, 14–CR–332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same).

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of the defendant, Mr. Castellano-Aispuro is sentenced to time-served and a supervised release term of five years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because Mr. Castellano-Aispuro has no substantial assets. PSR at ¶ 62; Sent. Hr'g. The remaining open count was dismissed on the government's motion.

General and specific deterrence are achieved by the sentence imposed. Defendant served approximately one year in prison in a foreign country away from his family. He will be deported

and suffer the collateral consequences of a felony conviction, as well as the conditions of a five year supervised release term.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 5, 2015
Brooklyn, New York